**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHRISTIANA TAH, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-02109-RMC |
| | ) | |
| GLOBAL WITNESS | ) | |
| PUBLISHING, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

# PLANTIFFS' REPSONSE TO DEFENDANTS' SPECIAL MOTION TO DISMISS UNDER THE D.C. ANTI-SLAPP ACT

Rodney A. Smolla
4601 Concord Pike
Wilmington, DE 19807
rodsmolla@gmail.com
(864) 373-3882
*Pro Hac Vice*

Arthur V. Medel, Esq. (D.C. Bar # 416029)
Alima Joned, Esq. (D.C. Bar # 446659)
MEDEL SANFILIPO
1701 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
Tel: 202 683 2008
Cell: 703 945 9137
Fax: 703 991 8014
avmedel@medsanlaw.net
ajoned@medsanlaw.net

*Attorneys for Plaintiffs Christiana Tah and Randolph McClain*

November 30, 2018

## TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES | iii |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| I. THE DISTIRCT OF COLUMBIA ANTI-SLAPP ACT DOES NOT APPLY | 1 |
| II. THE *MANN* DECISION DOES NOT UNDERMINE *ABBAS* | 2 |
| III. *ABBAS* WAS AND STILL IS RIGHTY DECIDED | 2 |
| A.    Prior Judges of this Court Have Rejected the Global Witness Position | 2 |
| B.    *Abbas* Was Grounded in *Shady Grove* | 3 |
| C.    *Mann* Does not Undermine the Key Points in *Abbas* | 4 |
| D.    The Anti-Slapp Act Alters the Balance and Burdens of the Federal Rules | 4 |
| E.    This Court Should Follow the Unbroken String of Decisions Rejecting the View that *Abbas* has been Undermined by *Mann* | 6 |
| CONCLUSION | 7 |
| CERTIFICATE OF SERVICE | 9 |

## TABLE OF AUTHORITIES

**Cases**

*3M Co. v. Boulter*, 842 F.Supp.2d 85 (D.D.C. 2012) 5

*Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328 (D.C. Cir. 2015) *passim*

*Cockrum v. Donald J. Trump for President, Inc.,* 319 F. Supp. 3d 158 (D.D.C. 2018) 1, 7

*Competitive Enterprise Institute v. Mann*, 150 A.3d 1213 (D.C. 2016) *passim*

*Democracy Partners v. Project Veritas Action Fund*, 285 F.Supp.3d 109 (D.D.C. 2018) 1, 7

*Deripaska v. Associated Press*, No. 17-cv-913, 2017 WL 8896059, (D.D.C. Oct. 17, 2017), *appeal dismissed*, No. 17-7164, 2017 WL 6553388 (D.C. Cir. Dec. 8, 2017) 1, 2, 3, 7

*Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938) 5

*Fairbanks v. Roller*, 314 F. Supp. 3d 85 (D.D.C. 2018) 1, 4, 7

*Hanna v. Plumer*, 380 U.S. 460, 464 (1965) 3

*Libre By Nexus v. Buzzfeed, Inc*., 311 F. Supp. 3d 149 (D.D.C. 2018) 1, 4, 5, 7

*Makaeff v. Trump U., LLC*, 736 F.3d 1180 (9th Cir. 2013) 6

*Makaeff v. Trump U., LLC*, 715 F.3d 254 (9th Cir. 2013) 6

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co*., 559 U.S. 393 (2010) 3, 6

*Sibbach v. Wilson & Co*., 312 U.S. 1 (1941) 3

**Statute**

District of Columbia Anti-Slapp Act of 2010, D.C. Code § 16-5502(a) *passim*

## INTRODUCTION

Plaintiffs Christiana Tah and Randolph McClain file this Response to the Special Motion to Dismiss Pursuant to the D.C. Anti-Slapp Act filed by the Defendants Global Witness and Global Witness Publishing, Inc. (collectively, "Global Witness.")

## ARGUMENT

### I. THE DISTIRCT OF COLUMBIA ANTI-SLAPP ACT DOES NOT APPLY

The established law of the District of Columbia Circuit is that the District of Columbia Anti-Slapp Act of 2010, D.C. Code § 16-5502(a), does not apply to diversity actions filed in the United States District Court for the District of Columbia. This principle was established in *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328 (D.C. Cir. 2015) and remains the law of this Circuit, binding on this Court.

### II. THE *MANN* DECISION DOES NOT UNDERMINE *ABBAS*

The claim by Global Witness that *Abbas* does not control is based on the argument that a subsequent decision of District of Columbia Court of Appeals, *Competitive Enterprise Institute v. Mann*, 150 A.3d 1213 (D.C. 2016), supersedes *Abbas*. Yet as Global Witness admits, every decision rendered by Judges of this Court considering the argument that *Mann* renders *Abbas* obsolete has *rejected* that argument. The unbroken string of rejections is impressive: *Deripaska v. Associated Press*, No. 17-cv-913, 2017 WL 8896059, at *1 (D.D.C. Oct. 17, 2017), *appeal dismissed*, No. 17-7164, 2017 WL 6553388 (D.C. Cir. Dec. 8, 2017); *Democracy Partners v. Project Veritas Action Fund*, 285 F.Supp.3d 109, 127–28 (D.D.C. 2018); *Libre By Nexus v. Buzzfeed, Inc.*, 311 F. Supp. 3d 149, 158–59 (D.D.C. 2018); *Fairbanks v. Roller*, 314 F. Supp. 3d 85, 93-95 (D.D.C. 2018); *Cockrum v. Donald J. Trump for President, Inc.,* 319 F. Supp. 3d 158, 165 (D.D.C. 2018).

Global Witness all but concedes that its argument that *Mann* now trumps *Abbas* is a non-starter in this Court. Global Witness candidly admits that it is merely preserving the argument for appeal to the United States Court of Appeals for the District of Columbia Circuit, stating in its moving papers that "Global Witness brings this motion to preserve its rights under the Act, including on appeal." *Global Witness Memorandum of Points and Authorities*, at 2. And so it must be. As Judge Huvelle explained, rejecting the very argument advanced by Global Witness here, "it is not for district court judges to override the determinations of circuit precedent." *Deripaska*, 2017 WL 8896059, at *3.

Even the implicit concession that Global Witness is seeking to "preserve its rights" on appeal is an exercise in antiseptic understatement. *Abbas* is not merely binding on all District Judges in this Circuit, it is binding on all panels of the Court of Appeals. It would take a decision of the full Circuit, sitting *en banc*, to reverse the well-considered analysis of *Abbas*. What Global Witness characterizes as issue preservation may also be characterized as long-shot desperation.

## III. *ABBAS* WAS AND STILL IS RIGHTY DECIDED

### A. Prior Judges of this Court have Rejected the Global Witness Position

Although Global Witness *cites* the unbroken string of precedent against it in this Court, it does not *engage* that precedent. Reading the Motion of Global Witness, one might be led to think this simply a legal version of the "rock-paper-scissors." *Abbas* covered the D.C. Anti-Slapp law, but now *Mann* covers *Abbas*.

What Global Witness well-knows, however, is that the precedent against it is not so superficial. Global Witness does not address the thoughtful explanations of the various District Judges of this Court as to *why* the decision in *Mann* does not upend the law of this Circuit as declared in *Abbas*. Global Witness points to one phrase in *Deripaska*, stating that *Mann* "merits

analysis." *Deripaska*, 2017 WL 8896059 at *2. That phrase, however, comes in the concluding sentence of the opinion *rejecting* the same arguments advanced by Global Witness, *after conducting the analysis* that was respectfully due *Mann*.

To protect *their* record, Christiana Tah and Randolph McClain explain below why *Abbas* was rightly decided, and why the many decisions rendered by District Judges sitting on this Court have since held, in the aftermath of *Mann*, that *Abbas* remains sound, are also decided ?.

**B. *Abbas* Was Grounded in *Shady Grove***

To begin at the beginning, the Court of Appeals' decision in *Abbas* did not suddenly spring from nowhere. *Abbas* was grounded firmly in the Supreme Court's antecedent decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co*., 559 U.S. 393, 407 (2010) (plurality opinion of Scalia, J.). The plurality in *Shady Grove*, the Court in *Abbas* correctly explained, followed prior Supreme Court precedent in *Sibbach v. Wilson & Co*., 312 U.S. 1 (1941). In *Sibbach*, the Supreme Court held that the test for whether a Federal Rule violates the Rules Enabling Act is whether that Rule "really regulates procedure"—that is, really regulates "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Id.* at 14. *See* also *Hanna v. Plumer*, 380 U.S. 460, 464, 470-71 (1965).

The upshot, for purposes of the Motion at issue here, was the decision of the *Abbas* Court that *Shady Grove* should dictate policy, and that policy required federal courts to discard state law procedural rules that conflicted with provisions of the Federal Rules of Civil Procedure duly enacted under the Federal Rules Enabling Act. The *Abbas* Court held that "[a] federal court exercising diversity jurisdiction ... must apply Federal Rules 12 and 56 instead of the D.C. Anti–SLAPP Act's special motion to dismiss provision." *Abbas*, 783 F.3d at 1337.

### C. *Mann* Does not Undermine the Key Points in *Abbas*

Global Witness argues that this unequivocal declaration in *Abbas* should be deemed effectively overruled by *Mann*. The argument advanced by Global Witness, however, understates the reasoning of *Abbas* and overstates the meaning of *Mann*. This is precisely why prior decisions from Judges of this Court have continued to adhere to *Abbas*. Global Witness has no answer to the decisions of those Judges, or their cogent reasoning.

As prior decisions from Judges of this Court have correctly observed, while *Mann* may have clarified one issue addressed in *Abbas*, nothing in *Mann's* clarification of District of Columbia law disturbed the critical points upon which *Abbas* was based. *Mann*, in short, is quite beside the point.

"*Abbas* begins with the observation that the anti-SLAPP statute and Federal Rules of Civil Procedure 12 and 56 'answer the same question about the circumstances under which a court must dismiss a case before trial.'" *Fairbanks v. Roller*, 314 F. Supp. 3d at 94, *quoting* Abbas, 783 F.3d at 1333–34. "*Mann* does nothing to disturb this understanding of District law." *Fairbanks*, 314 F.Supp. 3d at 93. "*Abbas* goes on to observe that the anti-SLAPP statute and the Federal Rules of Civil Procedure answer the same question in different ways." *Id.* In turn, "*Mann* does nothing to disturb this understanding of District law." *Id.*

### D. The Anti-Slapp Act Alters the Balance and Burdens of the Federal Rules

As clearly explained in *Buzzfeed*, "under the D.C. Anti–SLAPP Act, a plaintiff must produce or proffer evidence to survive a special motion to dismiss." *Buzzfeed*, 311 F.Supp. 3d at 159. "On the other hand, a plaintiff need only plead facts establishing a "plausible" defamation claim to survive a motion to dismiss under Rule 12(b)(6). *Id.* *See also Abbas*, 783 F.3d at 1334. "The court in *Mann* expressly recognized this difference." *Buzzfeed*, 311 F.Supp. 3d at 159. *See*

*Mann,* 150 A.3d at 1233 ("[U]nless something more than argument based on the allegations in the complaint is required, the special motion to dismiss created by the Act would be redundant in light of the general availability, in all civil proceedings ... of motions to dismiss under Rule 12(b)(6).").

"Second, Rule 12 and the D.C. Anti–SLAPP Act differ in terms of the allocation of the burden among the parties." *Buzzfeed*, 311 F.Supp. 3d at 159. The District of Columbia Anti-Slapp Act "reverses 'the allocation of burdens for dismissal of a complaint under' Rule 12(b)(6), giving defendants 'the option to up the ante early in the litigation, by filing a special motion to dismiss that will require the plaintiff to put his evidentiary cards on the table ... [which] makes the plaintiff liable for the defendant's costs and fees in the motion succeeds.'" *Id*., *quoting Deripaska*, 2017 WL 8896059, at *2. "Such burden-shifting at the motion to dismiss is anathema to the Rule 12(b)(6) standard, which places the burden squarely on the defendant to justify dismissal." *Buzzfeed*, 311 F.Supp. 3d at 159, *citing 3M Co. v. Boulter*, 842 F.Supp.2d 85, 102 (D.D.C. 2012) ("There is no question that the special motion to dismiss under the Anti–SLAPP Act operates greatly to a defendant's benefit by altering the procedure otherwise set forth in Rule[ ] 12 ... for determining a challenge to the merits of a plaintiff's claim and by setting a higher standard upon the plaintiff to avoid dismissal.").

These points are not technical make-weights. They rather speak to the central jurisprudential divide defined by *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938) and its progeny. A federal court sitting in diversity generally applies local substantive law and federal procedural rules. *Hanna v. Plumer*, 380 U.S. at 465. As articulated in *Shady Grove* and firmly reinforced in when local substantive law and the Federal Rules of Civil Procedure answer the same question in different ways, the Federal Rules of Civil Procedure control unless they exceed the authorization of the Rules Enabling Act. *Shady Grove*, 559 U.S. at 398-99.

Global Witness offers nothing in the way of constitutional or public policy to discredit these fundamental principles of federalism, recognizing the sovereignty of local law over substantive rules of decision, and the sovereignty of the Federal Rules over the procedural conduct of litigation in federal courts. *Abbas* was driven by these principles. *Abbas* squarely held that "Federal Rules 12 and 56 answer the same question as the Anti-SLAPP Act's special motion to dismiss provision." *Abbas*., 738 F. 3d at 1336; *citing Makaeff v. Trump U., LLC*, 736 F.3d 1180, 1188 (9th Cir. 2013) (Watford, J., dissenting from denial of rehearing en banc) ("California's anti-SLAPP statute impermissibly supplements the Federal Rules' criteria for pre-trial dismissal of an action."); *Makaeff v. Trump U., LLC*, 715 F.3d 254, 275 (9th Cir. 2013) (Kozinski, J., concurring) ("Federal courts have no business applying exotic state procedural rules which, of necessity, disrupt the comprehensive scheme embodied in the Federal Rules.").

Global Witness may run from these principles, but it cannot hide from them. There is simply *no* reasonable construction of the District of Columbia's Anti-Slapp Act that places it in alignment with the Federal Rules of Civil Procedure, which is what *Abbas* held, and nothing in *Mann* alters that result. It is highly improbable that the full United States Court of Appeals for the District of Columbia Circuit, sitting *en banc*, will hold otherwise, for it would defy both law and logic to retreat from *Abbas.*

### E. This Court Should Follow the Unbroken String of Decisions Rejecting the View that *Abbas* has been Undermined by *Mann*

*Abbas* was right when decided and remains right now. For the purposes of the present motion by Global Witness, however, the math is quite simple. *Abbas* is the binding law of this circuit, and this Court should apply faithfully and ungrudgingly apply it. *See Fairbanks v. Roller*, 314 F. Supp. 3d at 94-95 ("I am not aware that any judge in this District has awarded attorneys' fees under the anti-SLAPP statute since *Mann*. Because Abbas's application of the Shady Grove

framework does not depend on either of the points that *Mann* later clarified, I join my colleagues in concluding that Abbas controls. As a local court, *Mann* had no occasion to explore the validity of the Federal Rules. Thus, *Mann* does not undermine *Abbas* in this respect either. . . . I believe it "clearly and unmistakably" confirms *Abbas's* determination that they differ. In any event, it does not show that the anti-SLAPP statute should apply in federal court. So I am bound by the law of the Circuit and must dismiss Ms. Roller's anti-SLAPP motion."); *Libre By Nexus v. Buzzfeed, Inc*., 311 F. Supp. 3d at 160 ("In view of these differences, this court must follow *Abbas.* The court is not alone in reaching that conclusion."); *Cockrum v. Donald J. Trump for President, Inc*., 319 F. Supp. 3d at 165 ("The Court continues to adhere to its view that controlling precedent precludes the application of D.C.'s Anti–SLAPP Act in federal court."); *Democracy Partners v. Project Veritas Action Fund*, 285 F. Supp. 3d 1127 (D.D.C. 2018) ("In a recent decision, this Court concluded that *Abbas* . . . 'forecloses application of D.C.'s Anti–SLAPP Act in [a] federal court' exercising diversity jurisdiction."); *Deripaska v. Associated Press*, 2017 WL 8896059 at *2 ("At bottom, the D.C. Circuit was clear, and so, while the D.C. Court of Appeal' opinion in *Mann* merits analysis, it does not "clearly and unmistakably" resolve the question at issue here, and this Court must follow the clear guidance of the D.C. Circuit and deny the special motion to dismiss.").

**CONCLUSION**

Christiana Tah and Randolph McClain are not advocating blind adherence to [rote] ? precedent. Deep and resonant principles are at stake. Global Witness, in a flash of rhetorical flourish, asserts that Christiana Tah and Randolph McClain filed this suit to "punish" Global Witness. Punishment, however, is not the agenda of Christiana Tah or Randolph McClain. They seek not punishment, but vindication and justice. To advance a sensationalist and lurid story, Global Witness cynically and recklessly threw Christiana Tah and Randolph McClain under the

bus, accusing these two dedicated and honorable public servants of bribery and corruption. Christiana Tah and Randolph McClain seek simple redress, to repair their tarnished reputations, to which they are entitled under the laws of our decent society. The Federal Rules of Civil Procedure establish a fair and even-handed procedural regime for the pursuit of their reputational redress. This Court should apply those rules as they were intended to be applied. This Court should allow the merits of the defamation and false light invasion of privacy claims brought by Christiana Tah and Randolph McClain to proceed as they should proceed, through discovery and trial, to the end [so] that justice and truth will out.

Respectfully submitted,

/s/ Rodney A. Smolla
Rodney A. Smolla
4601 Concord Pike
Wilmington, DE 19807
rodsmolla@gmail.com
(864) 373-3882
*Pro Hac Vice*

Arthur V. Medel, Esq.  (D.C. Bar # 416029)
Alima Joned, Esq. (D.C. Bar # 446659)
MEDEL SANFILIPO
1701 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
Tel:  202 683 2008
Cell: 703 945 9137
Fax: 703 991 8014
avmedel@medsanlaw.net
ajoned@medsanlaw.net

*Attorneys for Plaintiffs Christiana Tah and Randolph McClain*

November 30, 2018

**CERTIFICATE OF SERVICE**

I certify that copies were served electronically upon all counsel of record via the ECF system.

/s/ Arthur V. Medel
Arthur V. Medel
*Attorneys for Plaintiffs Christiana Tah and Randolph McClain*

November 30, 2018