UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **CHRISTINA TAH**, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2109 (RMC) |
| | ) | |
| **GLOBAL WITNESS PUBLISHING, INC.**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

In 2013, Plaintiffs Christina Tah and Randolph McClain helped negotiate the successful sale of off-shore oil drilling rights to the Exxon Mobil Corporation on behalf of the Liberian government. Compl. [Dkt. 1] ¶ 24. After negotiations concluded, the Liberian government awarded Plaintiffs bonuses of $35,000. *Id.* ¶ 29. Corruption-watchdog Global Witness, an international non-profit, reviewed the negotiations and bonuses and published an article implying, allegedly, that Plaintiffs had received bribes to facilitate the sale. Plaintiffs sued for defamation. *Id.* ¶ 30. Because Plaintiffs are residents of Maryland and North Carolina and Global Witness conducts its U.S. operations in the District of Columbia, this Court has diversity jurisdiction. *Id.* ¶ 3-10.

This case has more facts, but they are unnecessary to address the matter at hand. It is sufficient to note that Global Witness has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) *and* a special motion to dismiss pursuant to D.C.'s Anti-Strategic Lawsuits Against Public Participation (Anti-SLAPP) Act of 2010, D.C. Code § 16-5502. *See* Defs.' Special Mot. to Dismiss (Special Motion) [Dkt. 12]. Notably, a successful motion for dismissal under D.C.'s Anti-SLAPP Act requires the payment of attorneys' fees. Plaintiffs argue

1

that the Special Motion cannot be heard in federal court because it conflicts with the Federal Rules of Civil Procedure under binding D.C. Circuit precedent.  *See* Pls.' Resp. to Defs.' Special Mot. to Dismiss [Dkt. 16]; *see also* Reply in Supp. of Defs.' Special Mot. to Dismiss [Dkt. 19].

## I.     ANALYSIS

As a general matter, a federal court exercising diversity jurisdiction applies state substantive law and federal procedural rules.  *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  However, if a state's substantive law and the Federal Rules of Civil Procedure answer the same question in a conflicting manner, the Federal Rules of Civil Procedure control (unless they exceed the authority of the Rules Enabling Act).  *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*, 559 U.S. 393, 398-99 (2010).

Federal Rules of Civil Procedure 12(b)(6) and 56 describe procedures for disposing of cases before trial through dismissal and summary judgment, respectively.  *See* Fed. R. Civ. P. 12(b)(6) and 56.  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only allege facts that are plausible on their face and sufficient to state a claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To survive a motion for summary judgment, a plaintiff need only muster evidence sufficient to show a genuine dispute of material fact.  *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014).  But for certain types of cases, including this one, D.C.'s Anti-SLAPP Act also describes procedures for disposing of cases before trial by way of a special motion to dismiss.  *See* D.C. Code § 16-5502.  To survive a special motion to dismiss, a plaintiff must show a likelihood of success on the merits of the underlying lawsuit.  *Id.* § 16-5502(b).  Do these standards conflict?

In *Abbas v. Foreign Policy Grp., LLC.*, 783 F.3d 1328, 1334 (D.C. Cir. 2015), the D.C. Circuit found that they do.  When *Abbas* was decided, neither the statute nor the D.C. Court of Appeals had yet defined the phrase "likely to succeed on the merits."  *Id.* at 1335.  Thus

interpreting the statute on a blank slate, the D.C. Circuit determined that D.C.'s Anti-SLAPP Act "establishes a new 'procedural mechanism' for dismissing certain cases before trial" which is "different from and more difficult for plaintiffs to meet than the standards imposed by Federal Rules 12 and 56." *Id.* at 1335, 1334.  "Under *Shady Grove*, therefore, we may not apply the D.C. Anti-SLAPP Act's special motion to dismiss." *Id.* at 1334.

The following year, however, the D.C. Court of Appeals directly addressed the D.C. Anti-SLAPP Act's potential ambiguity in *Competitive Enterprise Institute v. Mann*, 150 A.3d 1213 (D.C. 2016), and held that a claim should be dismissed by special motion "only if the court can conclude that the claimant could not prevail *as a matter of law*, that is, after allowing for the weighing of evidence and permissible inferences by the jury." *Id.* at 1236 (emphasis in original).  Noting the D.C. Circuit's opinion in *Abbas*, the D.C. Court of Appeals further clarified that the likelihood of success standard was meant "to simply mirror the standards imposed by Federal Rule 56." *Id.* at 1238 n.32 (quotation marks omitted).  Defendants here now contend that *Mann* resolved any procedural conflict between the D.C. law and the federal rules of procedure so that D.C.'s Anti-SLAPP Act adds only a substantive state right that should apply equally in federal court.

Federal courts are required to interpret state law consistent with decisions by the state's highest court, "and when interpreting and applying D.C. law, courts fulfill this obligation by looking to the published opinions of the D.C. Court of Appeals." *Easaw v. Newport*, 253 F. Supp. 3d 22, 34 (D.D.C. 2017) (citing *Rogers v. Ingersoll-Rand Co.*, 144 F.3d 841, 843 (D.C. Cir. 1998)).  However, D.C. district courts are also required to follow precedent established by the D.C. Circuit.  *See Winslow v. FERC*, 587 F.3d 1133, 1135 (D.C. Cir. 2009).  When the D.C. Court of Appeals' interpretation of D.C. law appears to conflict with the D.C. Circuit's, courts in

this district have regularly found that the D.C. Circuit's interpretation controls unless the D.C. Court of Appeals has "clearly and unmistakably" resolved the question. *Easaw*, 253 F. Supp. 3d at 34.

*Mann* has not clearly and unmistakably resolved the question. Although the likelihood of success standard in the statute may mirror Rule 56, the D.C. Court of Appeals also made clear that a special motion to dismiss is "not redundant relative to the rules of civil procedure." *Mann*, 150 A.3d at 1238. Thus, unlike a traditional motion to dismiss, a plaintiff must present evidence and cannot survive a special motion to dismiss merely by citing its pleadings. Further, unlike a motion for summary judgment, a special motion "imposes the burden on plaintiffs and requires the court to consider the legal sufficiency of the evidence presented *before discovery is completed*." *Id.* at 1238 n.2 (emphasis added); *see also id.* at 1238 ("The Anti-SLAPP Act gives the defendant the option to up the ante early in the litigation . . . [and] require the plaintiff to put his evidentiary cards on the table."). But the Federal Rules of Civil Procedure do not leave space between Rules 12 and 56 for an intermediate procedural hurdle by which defendants may force only plaintiffs to show their hand. Therefore, special motions to dismiss under D.C.'s Anti-SLAPP Act still conflict with the Federal Rules of Civil Procedure and remain inapplicable in federal court.

This result aligns with other decisions by courts in this district, which have consistently held that *Abbas* remains binding after *Mann*. *See Fairbanks v. Roller*, 314 F. Supp. 3d 85 (D.D.C. 2018); *Libre by Nexus v. Buzzfeed, Inc.*, 311 F. Supp. 3d 149 (D.D.C. 2018); *Deripaska v. Associated Press*, No. 17-cv-913, 2017 WL 8896059 (D.D.C. Oct. 17, 2017).

## II. CONCLUSION

For the reasons described above, the Court finds that Defendants' Special Motion to dismiss under D.C.'s Anti-SLAPP Act conflicts with Federal Rules of Civil Procedure 12 and 56.  Accordingly, it is hereby

**ORDERED** that Defendants' Special Motion to Dismiss, Dkt. 12, is **DENIED**.


Date: June 19, 2019

                                               ROSEMARY M. COLLYER
                                               United States District Judge